

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-86,421-04

### EX PARTE JAMES MICHAEL RESER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-0702-K277D IN THE 368TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated assault and unlawful restraint and sentenced to fifteen and ten years' imprisonment respectively. The Third Court of Appeals affirmed his conviction. *Reser v. State*, No. 03-15-00469-CR (Tex. App.—Austin Oct. 25, 2016)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant has stated that he wishes to proceed with his four supplemental grounds filed by habeas counsel. He alleges that trial counsel was ineffective for failing to investigate Applicant's mental health and for failing to call a material witness. He also alleges that the State misrepresented evidence in its brief on direct appeal and suppressed evidence favorable and material to the defense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims if he has not already done so. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall make claims regarding whether or not the State engaged in misconduct or failed to disclose favorable and material evidence. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims. The trial court shall also forward to this Court the reporter's records of the hearings already held on this application on January 27 and February 14, 2022 where the trial court heard witnesses related to the grounds raised in this application.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 6, 2022
Do not publish